## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT W. JENNINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BRUCE  LEMMON, Commissioner; ) | |
| ELLIS, Correctional Officer; FUGATE, ) | |
| Correctional Officer; CHARLES ) | |
| HUGHES, Offender; POWELL, ) | |
| Offender; UTTERBACK, Offender; ) | |
| WILLIAMS, Correctional Officer, Shop ) | No. 1:12-cv-01387-SEB-TAB |
| Officer; WILLIAMS, Correctional ) | |
| Officer, Yard Officer; SGT. RADER; MR. ) | |
| KUMERAN, Case Manager; GARY ) | |
| HARSTOCK, Classification Supervisor; ) | |
| JAMES  WYNN, Classification ) | |
| Supervisor; PUTNAMVILLE ) | |
| CORRECTIONAL FACILITY, INDIANA ) | |
| DEPARTMENT OF CORRECTION, ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Defendants. ) | |

## Entry Discussing Complaint and Directing Further Proceedings

### I.

The plaintiff shall have **through December 27, 2012,** in which to either pay the $350.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on September 25, 2012.

## II.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Pro se complaints such as that filed by Robert W. Jennings, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Jennings filed this civil action based on events which occurred on August 23, 2009, and September 27, 2009, while he was incarcerated at the Putnamville Correctional Facility. Jennings has named 15 defendants. Jennings' claims are brought pursuant to 42 U.S.C. ' 1983. To state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Applying the legal standards set forth above, certain claims shall proceed while other claims are dismissed, consistent with the following:

- The claim that defendants Officer Ellis, Officer Fugate, Commissioner Bruce Lemmon, Sergeant Rader, Case Manager Kumeran, Classification Supervisor Gary Hartsock, and Supervisor of Classification James Wynn failed to protect Jennings from attack by other inmates and/or failed to intervene during the attack in violation of the Eighth Amendment **shall proceed** as submitted.

- The claim that Offender Hughes, Offender Powell and Offender Utterback assaulted and/or battered Jennings in violation of Indiana state law shall proceed as submitted. Any Eighth Amendment claim thought to be brought against these defendants is **dismissed** because there is no plausible allegation which suggests that they were acting under color of state law at the time of the attack.

- The claims alleged against the State of Indiana, the Indiana Department of Correction and the Putnamville Correctional Facility are **dismissed** because states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in Jenning's complaint. These principles also compel the dismissal of § 1983 claims for damages against the defendant state employees in their official capacity. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003) (the state is not a "person" that can be sued under 42 U.S.C. § 1983).

- Claims brought pursuant to the Indiana Tort Claims Act may proceed against the Indiana Department of Correction.

### III.

The **clerk is directed** to update the docket to reflect that the State of Indiana and the Putnamville Correctional Facility were dismissed as defendants in this action.

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants listed in the distribution portion of this Entry in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

Jennings has identified Offenders Charles Hughes, Powell and Utterback as defendants. Jennings is directed to notify the court of additional details sufficient to identify these individuals and to serve them with process.

**IT IS SO ORDERED.**

Date: ___12/06/2012_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

BRUCE  LEMMON
Commissioner
INDIANA DEPARTMENT OF CORRECTION,
Indiana Department of Correction
E-334, 302 West Washington Street
Indianapolis, IN 46204

ELLIS, Correctional Officer
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

FUGATE, Correctional Officer;
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

WILLIAMS,
Correctional Officer, Shop Officer;
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

WILLIAMS, Correctional Officer, Yard Officer;
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

SGT. RADER
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

MR. KUMERAN, Case Manager
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

GARY  HARSTOCK, Classification Supervisor
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

JAMES  WYNN, Classification Supervisor
INDIANA DEPARTMENT OF CORRECTION,
Indiana Department of Correction
E-334, 302 West Washington Street
Indianapolis, IN 46204

INDIANA DEPARTMENT OF CORRECTION,
Indiana Department of Correction
E-334, 302 West Washington Street
Indianapolis, IN 46204