UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT W. JENNINGS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:12-cv-01387-SEB-TAB |
| ) | |
| SUPERINTENDENT BRUCE ) | |
| LEMMON, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Robert Jennings ("Jennings") is a state prisoner who at all times relevant to the complaint was confined at the Putnamville Correctional Facility ("Putnamville"). Jennings alleges that defendants Superintendent Lemmon, Officer Ellis, Officer Fugate, Officer Charles Williams, Officer Sarina Williams, Sgt. Rader, Case Manager Kumeran, Supervisor Harstock, and Supervisor Wynn ("State Defendants") violated his Eighth Amendment rights because they failed to properly train employees, were deliberately indifferent to his safety, and/or failed to intervene when he was attacked by other inmates on August 23, 2009, and September 27, 2009.

Jennings' claims are brought pursuant to 42 U.S.C. § 1983.

The State Defendants have filed a motion for summary judgment seeking resolution of the claims against them based on their affirmative defense that Jennings failed to exhaust his available administrative remedies prior to filing this action. Jennings has responded to the motion for summary judgment.

For the reasons explained in this Entry, the motion for summary judgment [dkt. no. 30] is **granted.**

## I.  Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'@), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the

time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

## II. Discussion

### A. Undisputed Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Jennings as the non-movant, are undisputed for purposes of the motion for summary judgment:

While an inmate at Putnamville, Jennings was attacked and injured by other inmates on August 23, 2009, and September 27, 2009. He alleges that each of the State Defendants either helped cause the attacks or failed to protect him from them.

The grievance process at Putnamville is a three-step process, including an informal complaint, a formal grievance, and a formal appeal. Jennings did not file any grievance concerning the incidents he alleges in his amended complaint.

### B. Analysis

As noted, it is undisputed that Jennings did not file any grievance related to the claims that he asserts in this action. Jennings argues that because he sought money damages, he believed that the prison could not provide such a remedy and he would need to file his lawsuit in court. In essence, he contends that filing a grievance would have been futile. This argument has been rejected by the Supreme Court. "[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6

(2001). "Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006) (citations omitted); *Dixon v. Page,* 291 F.3d 485, 488 (7th Cir. 2002) (PLRA requires exhaustion "even if the [grievance] process could not result in a prisoner's desired form of relief"). Therefore, Jennings' assertion of futility as an excuse for his failure to exhaust administrative remedies fails as a matter of law.

Jennings also argues that he filed a tort claim notice and that this should suffice as a form of exhaustion. Filing a tort claim notice is a necessary requirement to file a state law claim against a governmental entity, but it does not substitute for the requirement to exhaust available administrative remedies before bringing a civil rights claim in federal court. *See Pettiford v Hamilton,* 1:07-cv-675-DFH-TAB, 2008 WL 4083171, *3 (S.D. Ind. Sept. 3, 2008) ("Filing a Notice of Tort Claim is not a substitute for complying with the administrative process…."). As noted above, exhaustion under the PLRA requires compliance with all three steps of the prison's grievance procedure. Filing a tort claim notice invokes a different legal procedure and does not initiate the three step prison grievance process.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Jennings' action should not have been brought against the State Defendants and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."); *see also Pozo,* 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. Failure to do what the state requires bars, and does not just postpone, suit under § 1983.").

### III. Conclusion

For the reasons explained above, the motion for summary judgment filed by the State Defendants [dkt. no. 30] is **granted.**

The state law claims alleged against individual offenders Charles Hughes, Powell, and Utterback, remain. The dismissal of all federal claims at this juncture (before trial), however, compels dismissal of the supplemental claims under Indiana state law rather than attempt to resolve them on the merits. *Golden Years Homestead, Inc. v. Buckland,* 557 F.3d 457, 462 (7th Cir. 2009) (the general rule in this circuit is that when federal claims drop out before trial, "the federal district court should relinquish jurisdiction over the supplemental claim") (internal quotation omitted); *Williams v. Aztar Indiana Gaming Corp.,* 351 F.3d 294, 300 (7th Cir. 2003) (when the sole basis for invoking federal jurisdiction is nonexistent after federal claims are dismissed, federal courts should not exercise supplemental jurisdiction over remaining state law claims).

Judgment consistent with this Entry and with the Entry of December 6, 2012, shall now issue.

**IT IS SO ORDERED.**

Date:   10/04/2013

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT W. JENNINGS, #890440, Correctional Industrial Facility, Inmate Mail/Parcels, 5124 West Reformatory Road, PENDLETON, IN 46064

All electronically registered counsel